# EXHIBIT A
[Smith Verification]

#125207939v1

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| NEISHA SARITA MAHARAJ, | : | |
| | : | Case No. 25-10715(AMC) |
| | : | |
| Debtor. | : | |
| | : | |
| POLICE AND FIRE FEDERAL CREDIT UNION, | : | |
| | : | |
| Plaintiff | : | Adversary No. 25-_____ (AMC) |
| v. | : | |
| | : | |
| NEISHA SARITA MAHARAJ, | : | |
| | : | |
| Defendant | : | |

## VERIFICATION UNDER PENALTY OF PERJURY OF JEANETTE SMITH

I, Jeanette Smith, Bankruptcy Representative with the Police and Fire Federal Credit Union ("PFFCU"), with its headquarters at 3333 Street Road, Bensalem, PA 19120, of full age, states:

1. I am a Bankruptcy Representative employed by PFFCU and have oversight responsibilities relating to personal and automobile loans approved by PFFCU that become involved in bankruptcy cases.

2. I have reviewed PFFCU's records in this matter and the following information is based on my personal knowledge, unless otherwise indicated.

3. On June 30, 2020, Neisha Sarita Maharaj (the "Debtor") as borrower and her son Marcus Antonio Bazemore as co-borrower applied for an auto loan with PFFCU and used the proceeds of the loan to purchase a 2016 Dodge Ram 1500 SLT (the "Vehicle").

    4.      On June 3, 2024, the Debtor contacted PFFCU and spoke with Jared Pio, stating that her son would not be making payments on the Vehicle and she wanted PFFCU to pick up the Vehicle.

    5.      The Debtor was informed that PFFCU needed a letter signed by the Debtor and her son requesting a voluntary surrender. The Debtor informed Mr. Pio that her son would not sign such a letter.

    6.      PFFCU's records reflect that the Debtor called PFFCU again on June 22, 2024, stating that she was having a disagreement with her son who was refusing to make the past due payments or surrender the Vehicle. The Debtor also informed PFFCU that she will not be making the payments for the Vehicle either.

    7.      Due to payment defaults, PFFCU initiated repossession of the vehicle on July 2, 2024, but was not able to locate the Vehicle despite two repossession agents being deployed.

    8.      The Debtor informed PFFCU on July 27, 2024 that her son was hiding the Vehicle.

    9.      On October 22, 2024, the Debtor spoke with Christine Braun at PFFCU asking PFFCU to pick up the Vehicle and saying that her son took the Vehicle to Atlanta.

    10.      On February 25, 2025, PFFCU received an Alabama Department of Revenue, Unclaimed/Abandoned Notice of Termination indicating that the Vehicle was found abandoned in Alabama and was scheduled for auction March 14, 2024.

    11.      On February 26, 2025, the Debtor confirmed to PFFCU that she had received the same notice from the Alabama Department of Revenue stating that the Vehicle was found abandoned in Alabama and was scheduled for auction March 14, 2024.

#125207939v1         2

12. PFFCU immediately contacted the Debtor's insurance company, GEICO, to initiate a claim and arrange for GEICO to access the Vehicle, submitted an Order to Repossess to recover the Vehicle, and also contacted the person in possession of the Vehicle to arrange for GEICO to have access to the Vehicle.

13. On March 12, 2025, following several unsuccessful attempts, Jared Pio of PFFCU was successful in reaching the person who was allegedly in possession of the Vehicle, who stated that he had the Vehicle for months at the request of Marcus Bazemore who had asked him to tow the Vehicle to his shop for repairs and body work.

14. On March 21, 2025, the Debtor contacted PFFCU regarding the insurance claim submitted by PFFCU to GEICO.

15. On March 25, 2025, PFFCU was informed by GEICO that it had provided GEICO with the necessary documents and that GEICO would attempt to reach the Vehicle owner.

16. On April 9, 2025, GEICO informed PFFCU that no claim had yet been paid but a delay letter had been sent to the Debtor and they would continue trying to reach the Debtor.

17. On April 24, 2025, the Debtor contacted Jared Pio asking whether PFFCU had the Vehicle. Because the Debtor was in bankruptcy, Mr. Pio informed the Debtor what he knew about the Vehicle and informed her to discuss the matter with her attorney.

18. On May 6, 2025, Cheryl Brady of PFFCU spoke with Shanta Glover, a supervisor at GEICO who informed Ms. Brady that PFFCU that it was not listed as lienholder on the policy so GEICO was denying PFFCU's claim.

19. On May 9, 2025, PFFCU received written authorization from Debtor's counsel, allowing PFFCU to discuss the Vehicle loan directly with the Debtor.

#125207939v1                                        3

20. On May 9, 2025, the Debtor contacted Jared Pio and was advised that she can file a claim with GEICO. The Debtor stated that she would speak with her attorney before doing anything and was concerned that GEICO would raise her rates if she filed a claim.

21. As of July 16, 2025, the CarFax Vehicle History Report for the Vehicle obtained by PFFCU shows no accident or damage having been reported for the Vehicle other than a minor sideswipe in 2020, but does show a transfer of ownership in 2025, with updated mileage.

22. The statements in the Complaint are true to the best of my knowledge, information and belief.

23. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 1, 2025                    /s/ Jeanette Smith
                                          Jeanette Smith
                                          Bankruptcy Representative